UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIULIANO GAGLIONE,

        Plaintiff,

     v.

EXPERT PROPERTY MANAGEMENT,

        Defendant.

No.  2:26-cv-01348-DJC-SCR

ORDER

Plaintiff Giuliano Gaglione is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP")[1] and has submitted a declaration averring an inability to pay the costs of this proceeding.  The motion to proceed IFP (ECF No. 2) will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally

---

[1]  Plaintiff submitted the application on a state court form, rather than the standard AO 240 federal form to proceed IFP.  However, Plaintiff has included a statement of income, expenses, and assets which the Court finds sufficient.

1

"frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff's short complaint names one defendant, a corporation, Expert Property Management. ECF No. 1. The causes of action are alleged to be premises liability and negligence. *Id*. at 2. The only factual allegations are: "Defendants failed to maintain the property in a safe condition, creating a dangerous hazard that caused Plaintiff to slip and hyperextend three toes on right foot." *Id*. The request for relief portion of the complaint is unclear, but it appears Plaintiff is only requesting the disclosure of insurance policies that may apply to the incident. *Id.*

C.    Analysis

Plaintiff's complaint does not comply with Rule 8 in that it fails to allege jurisdiction. Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiff can establish federal question jurisdiction under 28 U.S.C. § 1331, or may allege jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff does not allege that his claim is based on any federal statute, treaty, or constitutional provision. Plaintiff does not allege the citizenship of himself and Defendant for purposes of diversity of citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff also does not allege that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In fact, on Plaintiff's civil cover sheet, he indicates that both he and Defendant are citizens of the same state. ECF No. 1-1. Plaintiff also erroneously checks the box indicating the U.S. Government is the

3

Plaintiff. *Id.* The complaint fails to plead a basis for federal jurisdiction.

The Court further finds the complaint fails to state a claim or to put Defendant adequately on notice of the claims against it. The brief factual allegations are conclusory. The date and place of the occurrence are not pled. The unsafe condition is not described, other than as a "dangerous hazard." The causes of action are not properly pled, but are rather just the labels – "negligence" or "premises liability." A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff has not pled a basis for federal jurisdiction. However, if he is asserting diversity of citizenship jurisdiction, that defect could be cured by pleading additional information. Plaintiff has also not alleged sufficient factual content to state a claim. However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a basis for federal jurisdiction and to allege facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each

4

paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff must assert a basis for federal jurisdiction, and Plaintiff must allege sufficient factual content in support of his claims to state a claim to relief that is plausible on its face.

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

////

////

////

5

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: May 7, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6